IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| SAMUEL NOAH KEONI LEVITZ, | Case No. 25-cv-00339-DKW-WRP |
| Plaintiff, | **ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS; (2) DENYING PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER; (3) DENYING PLAINTIFF'S MOTION FOR SANCTIONS; (4) DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DECLARE VEXATIOUS LITIGANT; (5) DENYING WITHOUT PREJUDICE SSL PARTNERS LLC'S MOTION TO EXPUNGE; AND (6) DISMISSING CASE WITHOUT LEAVE TO AMEND** |
| v. | |
| FEDERAL HOME LOAN MORTGAGE CORPORATION (FREDDIE MAC), | |
| Defendant. | |

On August 11, 2025, in a rerun unworthy of late-night cable, Plaintiff Samuel Levitz, for at least the fourth time *in this Court,* initiated litigation attempting to overturn a State court judgment of foreclosure on real property in Hale'iwa, O'ahu, Hawai'i.   Like Levitz's previous attempts, this one is similarly meritless because, despite immaterial changes, the undisguised purpose of the Complaint is to set aside the state judgment of foreclosure, something which Levitz should be more than aware by now—because this Court has repeatedly explained

it—is barred by the *Rooker-Feldman* doctrine.[1]    Thus, for the reasons discussed

further below, Defendant Federal Home Loan Mortgage Corporation's (Defendant)

motion to dismiss, Dkt. No. 37, is GRANTED and Levitz's emergency motion for

temporary restraining order, Dkt. No. 6, is DENIED.    Because Levitz has been

fully apprised in several previous lawsuits of the deficiencies in suing to overturn a

State court judgment, dismissal is WITHOUT LEAVE TO AMEND.

Levitz's conduct has also caused further motion practice.    Levitz's motion

for sanctions against Defendant's counsel, Dkt. No. 41, is frivolous and DENIED

as such.    Defendant's motion to declare Levitz a vexatious litigant, Dkt. No. 44,

despite the Court being acutely aware of counsel's frustration, does not persuade

the Court that a filing restriction is warranted at this time.    The motion is,

therefore, DENIED WITHOUT PREJUDICE.    Finally, an entity unnamed in the

Complaint, SSL Partners LLC (SSL), moves to expunge a Notice Levitz filed with

the State of Hawaiʻi's Bureau of Conveyances.    Dkt. No. 48.    While the Court

agrees that the basis for said Notice, which Levitz stated was this lawsuit, has now

been removed—because this action is being dismissed without ANY relief being

awarded in favor of Levitz—the Court disagrees that SSL has sufficiently shown

---

[1] *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

this Court's authority under *State law* to expunge a Notice filed with the *State's* Bureau of Conveyances.    The motion to expunge is, therefore, DENIED WITHOUT PREJUDICE to filing in an appropriate forum.

## CERTAIN RELEVANT LEGAL STANDARDS

Defendant moves for dismissal, in part, for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and *Rooker-Feldman*.    "The *Rooker-Feldman* doctrine recognizes that federal district courts generally lack subject matter jurisdiction to review state court judgments."  *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002) (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923)).    A challenge to the Court's subject matter jurisdiction is brought under Federal Rule of Civil Procedure 12(b)(1).    When presented with an argument under Rule 12(b)(1), "the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary."  *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). Where the court considers evidence outside the pleadings for this purpose, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Id*.

3

Levitz, meanwhile, moves for a temporary restraining order under Federal Rule of Civil Procedure 65. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008).[2]

Because Levitz is proceeding pro se, the Court liberally construes his filings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). With that in mind, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr*., 66 F.3d 245, 248 (9th Cir. 1995). A court, however, may deny leave to amend where, *inter alia*, further amendment would be futile. *E.g.*, *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

---

[2]The standards for a temporary restraining order and a preliminary injunction are substantially the same. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), *overruled on other grounds by Winter*, 555 U.S. at 20.

## DISCUSSION[3]

Defendant argues, among other things, that the Complaint should be dismissed for lack of jurisdiction under *Rooker-Feldman* because Levitz seeks to "effectively nullify" a final State court judgment of foreclosure.    Dkt. No. 37-1 at 16.    As more fully discussed below, Defendant is undoubtedly correct.

The Ninth Circuit Court of Appeals has described the *Rooker-Feldman* doctrine as follows:

> *Rooker-Feldman* … prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgments: If claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction.

*Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).    "Essentially, the doctrine bars state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced from asking

---

[3]The Court assumes the parties' familiarity with the background—not just of this case, but of Levitz's other forays into this Court regarding the Haleʻiwa property.    Should a reader other than the parties or counsel stumble across this case, relevant background may be found in Case No. 24-cv-24-DKW *Levitz v. PNC Bank Nat'l Ass'n*, Dkt. No. 50; Case No. 24-cv-468-DKW *PNC Bank, Nat'l Ass'n v. Levitz et al*, Dkt. No. 19; and Case No. 25-cv-90-DKW *PNC Bank, Nat'l Ass'n v. Levitz et al.*, Dkt. No. 31.    As for this case, briefing on all pending motions is complete, Dkt. Nos. 37, 39, 41, 43, 44, 48, 51-54, 57, 58, with this Order now following.

district courts to review and reject those judgments." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007) (quotation omitted).

Here, without an element of disguise, Levitz's Complaint seeks to not just "undercut" the State court foreclosure judgment, but render it "void" and/or "cancel[]" the same. Dkt. No. 1 at 9-10.[4] Even his request for damages is entirely reliant upon the allegedly "wrongful[] foreclose[ure]". *Id.* Clearly, therefore, Levitz is a State court loser complaining of injuries caused by the State court foreclosure judgment. As a result, his claims are all barred. *See Henrichs*, 474 F.3d at 613.

In the Complaint, evidencing that he is fully aware of the problems associated with his filing, Levitz argues *Rooker-Feldman* does not apply because he is "asserting claims for extrinsic fraud in the procurement of the judgment." Dkt. No. 1 at 5. He makes a similar argument in opposing the motion to dismiss. Dkt. No. 39-1 at 3. This is inaccurate. Notably, as just mentioned, the Complaint's clear goal is rejection of the State court foreclosure judgment, not a claim for extrinsic fraud. Moreover, to the extent the Complaint can be construed as alleging "extrinsic fraud", it is fraud on the alleged part of PNC Bank—an entity

---

[4]Because the pages of the Complaint and Levitz's other filings are not numbered, the Court uses the page numbers assigned in the top-right corner of the same, *e.g.*, "Page 9 of 10".

not named in the Complaint.   Dkt. No. 1 at 4 ("PNC never recorded an assignment giving it an enforceable interest in the mortgage prior to the foreclosure sale. This is not a mere irregularity; it is a failure of standing that voids the sale outright."). Therefore, *Rooker-Feldman* applies.

Levitz is also not entitled to leave to amend the Complaint.   Specifically, roughly one year ago, on December 17, 2024, the Court fully apprised Levitz of the deficiencies with claims attempting to overturn a State court judgment.   *See* Case No. 24-cv-24-DKW, *Levitz v. PNC Bank Nat'l Ass'n*, Dkt. No. 50 at 9-11. As referenced, this is presumably why even the Complaint contains legal argument on the issue of *Rooker-Feldman*.   *See* Dkt. No. 1 at 5.   Despite this, however, Levitz, undeterred, once again seeks to overturn the State court judgment of foreclosure on the Haleʻiwa property.   And, in light of this Court's interactions with Levitz's legal filings *in toto*, leave to amend will not change that fact.   The Complaint is, therefore, DISMISSED WITHOUT LEAVE TO AMEND. However, because dismissal is due to a lack of subject matter jurisdiction, it is without prejudice.   *See Albrecht v. Demuniz*, 315 F. App'x 654, 654 (9th Cir. 2009) ("Dismissals under the *Rooker-Feldman* doctrine … are dismissals for lack of subject matter jurisdiction, and thus should be without prejudice.") (citations omitted).

This leaves various other pending motions, each of which is addressed below.

1.    _Motion for Temporary Restraining Order, Dkt. No. 6_

For the reasons set forth above, because all of Levitz's claims have been dismissed, he can show no likelihood of success on the same.   As a result, the motion for temporary restraining order is DENIED.   _See Winter_, 555 U.S. at 20.

2.    _Motion for Sanctions, Dkt. No. 41_

In this motion, Levitz seeks sanctions against Defendant's counsel, Peter Knapman, on the grounds that Knapman has failed to produce "verifiable proof of his retention[]" and did not serve copies of certain documents on Levitz, including Knapman's notice of appearance and an "ex parte motion".   Dkt. No. 41 at 1. Levitz's sanctions motion is DENIED.   First, with nothing more than his demand, Levitz points to no authority necessitating Knapman to formally verify his retention.   Second, even if certain filings have not been served on Levitz, he neither points to any prejudice from the same given that he is clearly aware of the filings, _see_ Dkt. Nos. 31-32 (responding to the challenged filings), nor any support for his contention that Knapman did so for an "improper purpose".   Finally, so it is clear, contrary to Levitz's request, the Court does not find that Knapman has

8

committed any violation of Federal Rule of Civil Procedure 11 (Rule 11) in this

case based upon the arguments presented.

 3. *Motion to Declare Vexatious Litigant, Dkt. No. 44*

 Defendant moves to have this Court declare Levitz a vexatious litigant,

pointing to "seven federal actions" Levitz has purportedly filed to challenge the

foreclosure of the Hale'iwa property.   Dkt. No. 44 at 2.   As Defendant observes,

this is not the first occasion a request such as this has been presented to this Court.

*Id*. at 2-3.   Specifically, roughly five months ago, in July 2025, the Court denied

without prejudice a motion to declare Levitz a vexatious litigant in a different case,

declining to find that his litigation-conduct in relation to the Hale'iwa property had

"crossed the line" to the point of warranting filing restrictions.   Case No. 25-cv-

90-DKW-KJM, *PNC Bank, Nat'l Ass'n v. Levitz*, Dkt. No. 35 at 2-3.   In doing so,

however, the Court further found that at least some of Levitz's litigation-conduct

had not been "objectively reasonable" and "appropriate sanctions" could be

forthcoming should he continue advancing "baseless litigation positions…."   *Id*.

at 3.   Since that time, Defendant points to this action and an adversary proceeding

brought in U.S. Bankruptcy Court as further examples of "bogus" litigation.   Dkt.

No. 44 at 3.   Upon careful review, the Court remains unconvinced that declaring

Levitz a vexatious litigant is warranted at this time.   While the events during the

short passage of time since this issue last presented itself, arguably, provides some

fuel for Defendant's position, the two new proceedings Levitz has allegedly

initiated do not fundamentally alter whether restricting access to the courts—

something which is meant to be "rare[]"—is appropriate under the circumstances

presented.  *See Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1062

(9th Cir. 2014) (quotation omitted).   To be sure, *this case*, for the reasons

discussed above, is not warranted under existing law, *i.e.*, *Rooker-Feldman*.

However, that does not mean Levitz should be barred from filing *any other case*,

even if on the subject of the Haleʻiwa property, without pre-filing review of this

Court.   Instead, there are other mechanisms for addressing unwarranted,

unsupported, or otherwise improper litigation conduct.   *See id.* at 1065 (citing

Rule 11(b) & (c) as "other remedies" for "curb[ing]" "frivolous or abusive

filings").   This motion is, therefore, DENIED WITHOUT PREJUDICE.

    *4.*    *Motion to Expunge, Dkt. No. 48*

    On November 24, 2025, a non-party to this action, SSL, filed a motion to

expunge a purported "Notice of Claim of Interest Affecting Title to Real Property"

Levitz allegedly filed with the Bureau of Conveyances for the State of Hawaiʻi

(Bureau) in October 2025.   Dkt. No. 48.   Included with the motion to expunge,

among other things, is the "Notice of Claim of Interest Affecting Title to Real

Property" (Notice) Levitz filed with the Bureau.   *Id*. at 43-48.[5]   In opposing the

motion to expunge, Levitz admits that he filed the same in order to "preserve and

protect his ongoing dispute over legal title arising from mortgage chain-of-title

defects at the center of this federal action."   Dkt. No. 53 at 1.   While the

foregoing confirms the obvious—that Levitz is using this action as a vehicle to

overturn the State court judgment of foreclosure on the Haleʻiwa property and,

thus, is barred under *Rooker-Feldman*—SSL fails to provide sufficient authority

that the same permits this Court to order the Bureau to take any action with respect

to the Notice, such as expungement.   The sole authority SSL cites is Section

507D-7 of the Hawaiʻi Revised Statutes (Section 507D-7).   Dkt. No. 48 at 15-17.

However, Section 507D-7 provides that only a State "circuit court" may order the

expungement of an instrument filed with the Bureau.   Haw. Rev. Stat. § 507D-

7(a).[6]   Therefore, while the Court agrees with SSL that there is no basis for the

Notice premised upon this lawsuit and, following entry of this Order, this action

will not be "active" or render title to the Haleʻiwa property "unsettled[]", SSL must

---

[5]Because the pages of the motion to expunge and accompanying exhibits, which comprise a single document, are not consecutively numbered, the Court uses the page numbers assigned in the top-right corner of the same, *e.g.*, "Page 43 of 50".

[6]Although it is not clear, to the extent SSL contends that this Court can order expungement because it is a "Court" as defined in Haw. Rev. Stat. Section 507D-2, *see* Dkt. No. 48 at 15, that definition is designed for describing where a purportedly "invalid" lien may originate—not by whom such a lien can be expunged.   *See, e.g.*, Haw. Rev. Stat. §§ 507D-5, 507D-7(c).

11

look elsewhere to have the Notice formally expunged from the Bureau.  *See* Haw. Rev. Stat. § 507D-7(a).[7]  Therefore, the motion to expunge is DENIED WITHOUT PREJUDICE to renewal in an appropriate forum.

## <u>CONCLUSION</u>

For the reasons set forth above, the Court rules as follows:

(1) Defendant Federal Home Loan Mortgage Corporation's motion to dismiss, Dkt. No. 37, is GRANTED;

(2) The Complaint, Dkt. No. 1, is DISMISSED WITHOUT LEAVE TO AMEND;

(3) Plaintiff Samuel Levitz's emergency motion for temporary restraining order, Dkt. No. 6, is DENIED;

(4) Levitz's motion for sanctions, Dkt. No. 41, is DENIED;

(5) Defendant's motion to declare vexatious litigant, Dkt. No. 44, is, DENIED WITHOUT PREJUDICE; and

(6) SSL Partners LLC's motion to expunge, Dkt. No. 4, is, DENIED WITHOUT PREJUDICE to filing in an appropriate forum.

---

[7]To be clear, the Notice is different than a "lis pendens" the Court ordered expunged earlier in this case, *see* Dkt. No. 19, because the "lis pendens" was actually filed on the docket of this case, *see* Dkt. No. 16, which this Court undoubtedly has the power to control.

After entry of this Order, the Clerk is instructed to enter Judgment in favor of Defendant and then administratively CLOSE the case.

IT IS SO ORDERED.

DATED: December 23, 2025 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge